IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROGER N. COBB, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 00-727-LPS |
| | : | |
| STEVEN D'ILIO, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**I. INTRODUCTION**

Presently pending before the Court is Petitioner Roger N. Cobb's Motion for Reconsideration Filed Pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) Motion"), with respect to the dismissal of his time-barred habeas Petition in 2001. (D.I. 24) For the reasons discussed, the Court will deny the Rule 60(b)(6) Motion.

**II. BACKGROUND**

In January 1990, a Delaware Superior Court jury convicted Petitioner of cocaine trafficking, possession with intent to deliver cocaine, possession of marijuana, possession of drug paraphernalia, maintaining a vehicle for keeping controlled substances, and second degree conspiracy. *See Cobb v. Snyder*, 2001 WL 34368418, at *1 (D. Del. Feb. 7, 2001). He was sentenced to life imprisonment without benefit of probation or parole. *Id.* After Petitioner's trial counsel filed a notice of appeal, the Delaware Supreme Court determined that Petitioner was indigent and appointed a new attorney ("appellate counsel") to represent Petitioner on direct appeal. *See State v. Cobb*, 1999 WL 41629, at *1 (Del. Super. Ct. Jan. 13, 1999). Appellate counsel concluded that there was no merit to any of the appealable issues and advised Petitioner of his intent to file a Motion to Withdraw and Brief under

Delaware Supreme Court Rule 26(c). *Id.* Petitioner filed a request to discharge appellate counsel and proceed *pro se*. The case was remanded to the Superior Court for a hearing on Petitioner's request and, eventually, the Delaware Supreme Court permitted Petitioner to represent himself. *Id.* On October 15, 1991, the Delaware Supreme Court dismissed Petitioner's appeal for failure to diligently prosecute. *See Cobb v. State*, 604 A.2d 416 (Table), 1991 WL 247777 (Del. Oct. 15, 1991).

In 2000, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition I"), asserting six grounds for relief: (1) trial counsel provided ineffective assistance by failing to challenge the State's motion to declare him an habitual offender; (2) the probable cause sheet provided insufficient evidence to support the search warrant; (3) the search warrant was defective because it was overbroad; (4) the search warrant was defective because it failed to describe the statutes that Petitioner allegedly violated; (5) the trial court erred in failing to sever Petitioner's racketeering charge from the remaining charges against him; and (6) trial and appellate counsel provided ineffective assistance by failing to press Petitioner's position that the racketeering charge should have been severed from the remaining charges. *See Cobb*, 2001 WL 34368418, at *1. In February 2001, the Honorable Joseph J. Farnan, Jr. dismissed Petition I as time-barred. *Id.* at *3.

In February 2011, Petitioner filed another § 2254 Petition ("Petition II"), this time asserting eight grounds for relief: (1) his habitual offender status was based on an impermissible classification rather than a valid exercise of prosecutorial discretion; (2) the Delaware State Courts violated the Ex Post Facto Clause by sentencing him to life imprisonment; (3) he never waived his Ex Post Facto violation argument; (4) his case highlights the violation of separation of legislative from judicial power; (5) he has set forth extraordinary circumstances and due diligence warranting equitable tolling; (6) he has presented a *prima facie* case warranting a certificate of appealability; (7) his invocation of the right to self-representation did not displace his right to effective assistance of trial

2

counsel; and (8) his invocation of the right to self-representation did not displace his right to effective assistance of appellate counsel. *See Cobb v. Bartkowski*, C.A. No. 11-112-LPS (D. Del. Feb. 3, 2011). The Court dismissed Petition II in September 2011 because it constituted an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. *See Cobb v. Bartkowski*, C.A. No. 11-112-LPS D.I. 7 (D. Del. Sept. 13, 2011). Petitioner appealed that decision, and the Court of Appeals for the Third Circuit dismissed the appeal after determining that a certificate of appealability was not warranted. *See Cobb v. Bartkowski*, C.A. No. 11-112-LPS D.I. 10 (D. Del. Dec. 13, 2011).

Thereafter, in June 2014, Petitioner filed the instant Rule 60(b)(6) Motion to Reconsider and/or Reopen Judge Farnan's 2001 decision denying Petition I as time-barred. (D.I. 24) Citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), Petitioner appears to contend that his "procedural default" of the claims in Petition I should be excused because his trial and appellate counsel provided ineffective assistance and he represented himself in his collateral proceedings. (D.I. 24 at 4, 15, 28)

## III. LEGAL STANDARDS

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). However, on a motion for reconsideration and/or to reopen it is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion to reconsider and/or reopen after it has denied the petitioner's federal habeas petition, the court must first determine if

3

the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under the AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the appropriate court of appeals; absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

Petitioner filed the instant Motion to Reconsider and/or Reopen pursuant to Rule 60(b)(6), which is generally referred to as a catch-all provision because it permits a court to grant the motion for "any other reason that justifies relief" from the judgment. Fed. R. Civ. P. 60(b)(6). Petitioner appears to contend that a recent Supreme Court decision, *Martinez v. Ryan,* provides a proper basis for reopening the 2001 judgment denying Petition I as time-barred. In *Martinez,* 132 S.Ct. at 1320, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel.

As an initial matter, the Court finds that the instant Motion is not a "true" Rule 60(b)(6) motion, because it does not attack the manner in which the decision denying Petition I was procured. Rather, as Petitioner himself asserts, this "motion is in fact a further attempt to attack his underlying conviction and sentence [] and should be construed as an attempt to file a second § 2254

4

petition." (D.I. 24 at 10) Additionally, the arguments in the Motion (that "trial counsel provided ineffective assistance during the pre-trial plea negotiation phase" and also "provided ineffective assistance during the trial") challenge Petitioner's underlying conviction rather than the manner in which Petition I was denied. (*Id.* at 20-31)

Given these circumstances, the Court must determine if the instant Motion constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244.

## A. Second or Successive Habeas Petition

The instant Motion challenges the same 1990 convictions that were challenged in Petition I, and the dismissal of Petition I as time-barred constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal of § 2254 petition as time barred constitutes adjudication on merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). Additionally, Petitioner has either asserted, or could have asserted, the instant ineffective assistance of counsel arguments in Petition I. Hence, the Court concludes that the instant Motion constitutes a second or successive petition under § 2244.

Petitioner attempts to avoid the second or successive bar by arguing that the *Martinez* decision constitutes a "new rule of constitutional law" for § 2244(b)(2)(A) purposes. This argument is unavailing. Whether or not *Martinez* triggers the § 2244(b)(2)(A) exception to the second or successive bar is an issue that must be determined by the Third Circuit Court of Appeals, and not by this court. Thus, the Court can only consider the merits of instant Motion/Petition if the Third Circuit Court of Appeals granted Petitioner permission to file it here.

Petitioner does not assert, and there is no reason to conclude, that the Third Circuit Court of

5

Appeals authorized the filing of the pending Motion/Petition. Accordingly, the Court will dismiss the instant Motion/Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

### B. Rule 60(b) Motion

Alternatively, even if the Court were to treat the instant Motion as a true Rule 60(b)(6) Motion, Petitioner's argument that *Martinez v. Ryan* constitutes an intervening change in the law justifying relief under Rule 60(b)(6) is unavailing. First, Petitioner's reliance on *Martinez* is misplaced, because Petition I was denied as time-barred and not as procedurally barred. Notably, the Supreme Court in *Martinez* did not address whether the ineffective assistance of post-conviction counsel and/or the absence of such counsel provides a reason to excuse a petitioner's failure to comply with AEDPA's one year statute of limitations. Therefore, Petitioner's *Martinez* argument fails to provide a basis for relief.

Second, the Motion itself is time-barred. The Third Circuit recently opined that a Rule 60(b)(6) motion for reconsideration based on *Martinez* will fail unless it "was brought within a reasonable time of that decision." *Cox v. Horn*, 757 F.3d 113, 115-16 (3d Cir. 2014). Petitioner filed the instant Rule 60(b)(6) Motion on June 6, 2014, more than two years after the issuance of the *Martinez* decision on March 20, 2012, and he does not provide any reason for this delay. Although the Third Circuit did not define what constitutes a reasonable time for filing a Rule 60(b)(6) motion premised on *Martinez*, the Court concludes that waiting more than two full years to file the instant Motion does not satisfy the "reasonable time" requirement. *See Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that two-year delay was not reasonable time to bring Rule 60(b)(6) motion); *Ackerman v. United States*, 340 U.S. 193, 202 (1950); *see also Azbuko v. Bunker Hill*

6

*Cmty. Coll*, 442 F. App'x 643, 644 (3d Cir. 2011) (per curiam) ("[B]ecause [plaintiff] has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge."); *Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007).

Moreover, pursuant to *Cox*, a district court reviewing a prisoner's Rule 60(b)(6) motion "may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago." *Cox*, 2014 WL 3865836, at *10. As explained by the Third Circuit, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled." *Id.* Here, Petitioner was convicted in January 1990 and Petition I was dismissed on February 7, 2001. Considering the significant amount of time that has elapsed between the dismissal of Petition I and the *Martinez* decision, the Court concludes that the rare relief afforded under Rule 60(b)(6) is not warranted.

Accordingly, the Court concludes that Petitioner is not entitled to relief under Rule 60(b)(6).

## V. CONCLUSION

For the reasons stated above, the Court will deny the instant Motion because: (1) it constitutes an unauthorized second or successive habeas petition; and (2) to the extent it is a true Rule 60(b) motion, it lacks merit and is time-barred.

In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Dated: March 19, 2015

UNITED STATES DISTRICT JUDGE